IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MACIEJ PIERZ, and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Judge: Magistrate Judge: |
| WONDER COUNTER TOP, INC., PETER HUANG, individually, and MIN HUA LIN, individually, | ) ) ) ) | Case No.: |
| Defendants | ) ) | |

## COMPLAINT

Plaintiff, Maciej Pierz ("Pierz"), and all others similarly situated, by and through their attorneys, Ryan A. Hagerty and Sam Hensel of Asher, Gittler, & D'Alba, Ltd., complain of Wonder Counter Top, Inc., Peter Huang, individually, and Min Hua Lin, individually (collectively, "Defendants"), and, in so doing, allege as follows:

### NATURE OF ACTION

1. This is an action to recover unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. §§ 207, 216, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4 *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367.

3. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) because the unlawful employment practices occurred in this district and Defendants reside in and have their principle place of business in this judicial district.

## PARTIES

4. At all relevant times, Pierz and all others similarly situated were "employees" of Defendants within the meaning of Section 203(e) of the FLSA, 29 U.S.C. § 203(e).

5. Pierz brings this action on his behalf and all other current and former employees similarly situated pursuant to 29 U.S.C. § 216(b). A copy of Pierz's consent form is attached hereto and contemporaneously filed herewith.

6. At all relevant times, Defendant Wonder Counter Top, Inc. was a corporation incorporated in the State of Illinois, with its principal place of business at 4620 Roosevelt Road, Hillside, Illinois, 60162.

7. Pierz' position was a non-exempt position for purposes of the FLSA and the IMWL.

8. At all relevant times, Defendant Wonder Counter Top, Inc. was an "employer" of Pierz and all others similarly situated to him within the definition of Section 203(d) of the FLSA, 29 U.S.C. § 203(d) and, as such, is subject to the provisions of Section 7 of the Act, 29 U.S.C. § 207.

9. At all relevant times, Defendant Wonder Counter Top, Inc. has been an "enterprise engaged in commerce or in the production of goods for commerce" for purposes of Section 203(s) of the FLSA, 29 U.S.C. § 203(s).

10. On information and belief, and at all relevant times, Defendant Peter Huang was a shareholder of Defendant Wonder Counter Top, Inc., and was the immediate supervisor of Pierz and all others similarly situated to Pierz.

11. On information and belief, and at all relevant times, Defendant Min Hua Lin was a primary shareholder of Defendant Wonder Counter Top, Inc.

12. Defendant Min Hua Lin has the ability to hire and fire Wonder Counter Top, Inc. employees, including, but not limited to, Pierz and all others similarly situated to Pierz.

13. Defendant Peter Huang has the ability to hire and fire Wonder Counter Top, Inc. employees, including, but not limited to, Pierz and all others similarly situated to Pierz.

14. Defendant Min Hua Lin supervises and controls employee work schedules, employee compensation and other terms and conditions of employment for Wonder Counter Top, Inc. employees, including, but not limited to, Pierz and all others similarly situated to Pierz.

15. Defendant Peter Huang supervises and controls employee work schedules, employee compensation, and other terms and conditions of employment for Wonder Counter Top, Inc. employees, including, but not limited to, Pierz and all others similarly situated to Pierz.

16. At all relevant times, Defendants Peter Huang and Min Hua Lin were "employers" of Pierz and all others similarly situated to him within the definition of Section 203(d) of the FLSA, 29 U.S.C. § 203(d) and, as such, are subject to the provisions of Section 7 of the FLSA, 29 U.S.C. § 207.

17. At all relevant times, Pierz and all others similarly situated were "employees" of Defendants within the meaning of Section 3(d) of the IMWL, 820 ILCS 105/3(d).

18. At all relevant times, Defendants were "employers" of Pierz and all others similarly situated within the meaning of Section 3(c) of the IMWL, 820 ILCS 105/3(c).

## FACTS COMMON TO ALL COUNTS

19. At all relevant times, Defendants were generally engaged in the production, supply and installation of counter tops.

20. At all relevant times, Pierz worked for Defendants in a full-time position that had no formal title, but, in practice, was referred to as "granite manager." His duties included scheduling of counter top installations for customers of Wonder Counter Top, Inc., communicating with production employees, installers, salespersons and customers, measuring counter tops for potential and actual customers of Wonder Counter Top, Inc., and providing regular customer service.

21. At all relevant times, Pierz' position was paid, or supposed to be paid, on an hourly basis.

22. At all relevant times, Pierz was paid on a weekly basis.

23. Pierz worked for Defendants from on or around January 4, 2016, until on or around August 20, 2019.

24. When Pierz began working for Defendants, Pierz used a time clock to track his hours. When the time clock ceased to function properly, Pierz tracked the hours he worked and reported them to one or more Defendants.

25. During his term of employment with Defendants, Pierz regularly worked hours in excess of forty (40) per workweek – the applicable overtime threshold under the FLSA and the IMWL – such that he became entitled to receive one and one-half times his regular rate of pay for all such overtime hours he worked pursuant to the requirements of the FLSA and the IMWL. In fact, while he was employed by Defendants, Pierz worked on average 60-65 hours per week.

26. During his term of employment, Pierz and all others similarly situated were paid by <u>check</u> for all hours they worked up to and including forty (40) hours in each workweek; however, Defendants employed a practice of paying for hours worked in excess of forty (40) per week by <u>cash</u>.

27. With little exception, Pierz worked in excess of forty (40) hours per workweek in nearly all of the workweeks occurring during his entire term of employment with Defendant Wonder Counter Top, Inc., which, as noted above, spanned from January 4, 2016, to August 20, 2019.

28. With few exceptions (noted in subparagraphs (a) and (b) below), Pierz was only paid his regular (i.e., "straight-time") rate of pay for the hours he worked above and beyond forty (40) in workweeks occurring during his term of employment with Defendants. As noted in Paragraph 26, the payments for all such hours were made to Pierz, and all others similarly situated, in cash.

   (a) Pierz was paid one and one-half times his regular (i.e., "straight time") rate of pay for hours that he worked in excess of forty (40) during the workweeks occurring between August 7, 2017, and September 9, 2017, and the workweeks occurring from February 4, 2019 and February 9, 2019

   (b) During the workweeks occurring between January 30, 2017, and July 8, 2017, Pierz was paid one and one-half times his regular (i.e., "straight time") rate of pay for only the first fifteen (15) hours that he worked in excess of forty (40). During this period of time, and on these workweeks, Pierz was only paid his regular (i.e., "straight-time") rate of pay for the hours that he worked in excess of fifty five (55) hours.

5

## COUNT I

*(Failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a))*

29. Pierz re-alleges and incorporates Paragraphs 1-28 of this Complaint as though set forth fully herein.

30. By failing and refusing to pay Pierz, and all other similarly situated employees, one and one-half times their regular rates of pay for all hours worked in excess of forty (40) hours during multiple workweeks occurring within the three years preceding the date on which this Complaint is filed, as alleged in detail above, Defendants have violated Sections 207 and 215(a)(2) of the Act, 29 U.S.C. §§ 207, 215(a)(2).

31. Defendants' violations of the FLSA were willful in that Defendants' failure to pay the proper overtime compensation was done knowingly and intentionally in violation of the FLSA or with reckless disregard for Defendants' obligations under the FLSA.

**WHEREFORE**, Plaintiff Maciej Pierz, and all others similarly situated, pray that judgment be entered against Defendants as follows:

A. A declaratory judgment finding that Defendants willfully violated Sections 207 and 215(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2).

B. A money judgment against each Defendant, jointly and severally, for all sums which may be found to be due to Plaintiff, and all other similarly situated employees, as compensatory damages, interest, liquidated damages, attorneys' fees and costs.

C. An order directing all other and additional relief deemed just and proper by the Court.

## COUNT II

*(Failure to Pay Overtime in Violation of the Illinois Minimum Wage Law, 820 ILCS 105/4)*

32. Pierz re-alleges and incorporates Paragraphs 1-31 of this Complaint as though set forth fully herein.

33. By failing and refusing to pay Pierz, and all other similarly situated employees, one and one-half times their regular rates of pay for all hours worked in excess of forty (40) hours during multiple workweeks occurring within the three years preceding the date on which this Complaint is filed, as alleged in detail above, Defendants have violated Section 4a of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

34. Defendants' violations of the IMWL were willful in that Defendants' failure to pay the proper overtime compensation was done knowingly and intentionally in violation of the IMWL or with reckless disregard for Defendants' obligations under the IMWL.

**WHEREFORE**, Plaintiff Maciej Pierz, and all others similarly situated, pray that judgment be entered against Defendants as follows:

A. A declaratory judgment finding that Defendants willfully violated Section 4a of the IMLW, 820 ILCS 105/4a.

B. A money judgment against each Defendant, jointly and severally, for all sums which may be found to be due to Plaintiff, and all other similarly situated employees, as compensatory damages, treble damages, damages in the amount of 5% of the amount of any underpayments for each month following the date of payment during which such underpayments remain unpaid, attorneys' fees and costs.

C. An order directing all other and additional relief deemed just and proper by the Court.

## **JURY TRIAL DEMANDED**

Plaintiff requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

/s/ Ryan A. Hagerty

/s/ Sam Hensel

*Plaintiff's Attorneys*

Ryan A. Hagerty
Sam Hensel
Asher, Gittler, & D'Alba, Ltd.
200 W. Jackson Blvd., Suite 720
Chicago, Illinois 60606
(312) 263-1500 (phone)
(312) 263-1520 (fax)
rah@ulaw.com
sh@ulaw.com

8

**PLAINTIFF'S CONSENT FORM**

I, __MACIEJ PIERZ__, Maciej Pierz, hereby consent to sue my former employer, Wonder Counter Tops, Inc., as well as any necessary agent or representative of that entity, pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), for the purpose of asserting any and all claims for overtime compensation and any related claims for benefits, interest payments/penalties, and damages – including, but not limited to, any liquidated and/or treble damages – under the FLSA and any similar federal or state law. I agree to allow this consent to apply to all of the overtime and benefits claims referred to in this consent form, whether such claims are asserted in an initial or any amended complaint. I authorize the law firm of Asher, Gittler & D'Alba, Ltd. to represent me in said lawsuit. I understand the nature of the suit and execute this consent voluntarily and freely.

_____
(Plaintiff's Signature)

Date: __12/10/2019__

1